UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SHELTON BROWN,                    )
                                  )
        Plaintiff,                )
                                  )
    vs.                           )    No. 4:06-CV-965 (CEJ)
                                  )
WHITE CASTLE SYSTEM,INC.,         )
d/b/a White Castle Restaurant,    )
                                  )
        Defendant.                )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss, based on res judicata and for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). Plaintiff has responded and the issues are fully briefed.

**I. Background**

Plaintiff brings this action to recover damages for injuries he allegedly sustained on June 4, 2004, when he was stabbed by an unknown assailant. Plaintiff alleges that the assault occurred as he was leaving the defendant's restaurant, and that it occurred as a result of defendant's careless and negligent failure to maintain and control safe premises.

Plaintiff asserted an identical claim in an action he brought against defendant in June 2005.[1] The defendant moved under Fed. R. Civ. P. 12(b)(6) to dismiss the earlier action for failure to state a claim. Plaintiff did not respond to the motion, and on November

---

[1]Shelton Brown v. White Castle, Case Number 4:05-CV-01065 (CEJ).

30, 2005, the Court dismissed the action with prejudice. Plaintiff did not appeal the dismissal order.

The defendant removed the 2005 action to this Court, asserting diversity of citizenship jurisdiction.[2] Plaintiff did not challenge the removal. The instant action was filed initially in this Court. In the complaint, plaintiff does not assert any basis for federal jurisdiction.[3]

**II. Discussion**

In its motion to dismiss, defendant first argues that the present action is barred by the doctrine of res judicata. In his response, plaintiff argues that this Court erred in dismissing his 2005 complaint with prejudice and therefore res judicata should not apply.

In a diversity action, res judicata "is a question of substantive law controlled by state common law." Hillary v. Trans World Airlines, Inc., 123 F.3d 1041, 1043 (8th Cir. 1997). "Missouri law tracks the Eighth Circuit in defining the prerequisites for res judicata." Bannum, Inc. v. City of St. Louis, 195 S.W.3d 541, 544 (Mo. App. E.D., July 11, 2006). It will apply when (1)"the prior judgment was rendered by a court of competent jurisdiction, (2) the decision was a final judgment on the merits, and (3) the same cause of action and the same parties

---

[2]The plaintiff has asserted in both complaints that he is a resident of St. Louis County, Missouri. The defendant asserted in the removal petition that it is a Delaware corporation.

[3]Plaintiff alleges in the instant complaint that the defendant is a Missouri corporation.

or their privies were involved in both cases." Id. (internal citations omitted). "Under Missouri law, a prior judgment bars a subsequent claim arising out of the same group of operative facts even though additional or different evidence or legal theories might be advanced to support the subsequent claim." <u>Misischia v. St. John's Mercy Health Systems</u>, ___ F.3d ___, 2006 WL 2253114 at *2 (8th Cir., Aug 8, 2006).

In considering whether res judicata applies in this case, the Court looks beyond the pleadings and takes judicial notice of the pleadings and orders in plaintiff's prior cause of action against defendant. As discussed above, the lawsuit filed in 2005 and the instant action both involve the claim that plaintiff was stabbed as a result of the defendant's negligence. The factual allegations and the legal theories supporting the claims in both complaints are identical. The 2005 action was dismissed, with prejudice, for failure to state a claim. An involuntary dismissal, other than one for lack of jurisdiction, improper venue, or failing to join a party, "operates as an adjudication upon the merits" unless the court specifies otherwise. Fed. R. Civ. P. 41(b). The Court finds that all of the elements of res judicata are present.

Plaintiff argues that res judicata should not apply because the previous judgment of dismissal with prejudice was in error. However, plaintiff did not seek appellate review of the dismissal, although he could have done so. Moreover, the cases plaintiff cites do not support his apparent effort to collaterally attack the earlier judgment. See <u>Norman v. Arkansas Department of Education</u>,

79 F.3d 748 (8th Cir. 1996); Clayton v. White Hall School District, 778 F.2d 457 (8th Cir. 1985) (plaintiffs directly appealed the dismissal orders, instead of attacking them by filing a subsequent complaint).  The Eighth Circuit has long recognized that a prior judgment of dismissal, even if "defective to such an extent that it would be set aside...on a proper direct application" is still not subject to a collateral attack.  Engelhardt v. Bell & Howell Co., 299 F.2d 480, 484 (8th Cir. 1962).  To find that "the conclusive effect of a judgment either as an estoppel or as a merger or bar may be escaped by showing...grounds upon which an omitted or rejected claim might have been sustained, is a clear violation of the fundamental policy and purpose of the doctrines of res judicata and collateral attack."  Id.

In Engelhardt, the plaintiff twice voluntarily dismissed his suit against the defendant.  Id. at 481-82.  Several months later, the plaintiff brought a third suit against the defendant, based on the same claims as the first two, this time supported by an affidavit stating that plaintiff's attorney had erroneously dismissed the second case without plaintiff's permission.  Id. at 482-83.  The plaintiff argued that, because the second dismissal was in error, he should not be barred from filing his third suit. Id.  The court noted that the second dismissal operated as an adjudication on the merits and dismissed the third suit, finding that the deficiencies in the second dismissal could not be attacked collaterally by the third suit.  Id.

While Engelhardt involved the "two dismissal" rule, it is equally applicable here. The dismissal with prejudice operates as an adjudication on the merits just as the second dismissal in Engelhardt did. If plaintiff felt that a dismissal with prejudice was inappropriate, plaintiff should have made a timely direct attack on that dismissal. Plaintiff cannot challenge it collaterally in this new action.

For the foregoing reasons, the Court concludes that plaintiff's complaint is barred by res judicata. The Court will not address the question of whether the complaint states a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#5] is **granted**.

**IT IS FURTHER ORDERED** that this action is **dismissed with prejudice.**

A separate judgment shall be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 16th day of November, 2006.